UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| PERRY RICHARDSON, CHRISTIA RICHARDSON, SETH RICHARDSON, TREVOR RICHARDSON, RUTH BAILEY, JUDIE RICHARDSON, and J.R., a Minor, by and through PERRY RICHARDSON and CHRISTIA RICHARDSON, <br>　　　　Plaintiffs, <br><br>V. <br><br>STARR FIREWORKS, INC., et al., <br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | NO: 2:11-CV-249 |

**MEMORANDUM OPINION AND ORDER**

This product liability case is before the Court on the motion of plaintiffs to remand to state court, [Doc. 36]. Numerous of the defendants have responded in opposition to the motion, [Docs. 37, 38, 40], and the matter is now ripe for disposition. For the reasons which follow, the motion will be GRANTED.

**I. Procedural Background**

This product liability case was originally filed against 38 named defendants in the Circuit Court for Washington County, Tennessee. [Doc. 1-1]. On August 24, 2011, defendants, Rich Bros. Interstate Display Fireworks, Co. and Rich Brothers Co. d/b/a Starr Fireworks, and defendants Johnny Starr d/b/a Starr Fireworks and/or Starr Fireworks, Inc., John Joseph Massari a/k/a Johnny Starr, J. Starr Properties, LLC, Midwest Import & Export, Inc., Midwest Fireworks Manufacturing, Inc., II, Pacific Financial Services of America, Inc. and Ultimate Fireworks, Inc., filed a "Notice And Joint Petition For Removal" on the basis of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. [Doc. 1].

Certain of the defendants answered plaintiffs' complaint and gave notice in their answer of their intention to rely on the doctrine of comparative fault as to certain non-parties: Jefferson Wilson and/or Jeff's Fireworks and/or Ken Miller, individually and/or d/b/a Lightning Pyrotechnics, who were identified as having "manufactured, distributed, labeled or sold the 'smoke chimney' to the plaintiff, Perry Richardson." [Doc. 15].[1] Plaintiffs then moved to amend their complaint to add Jefferson Wilson, Jeff's Fireworks, Ken Miller and Lightning Pyrotechnics, Inc. as additional defendants. [Doc. 35].

Several defendants filed responses opposing the motion to amend. [Docs. 37, 38, 40]. The Magistrate Judge heard oral argument on the motion on December 7, 2011 and granted the motion. [Doc. 42].[2] Plaintiffs' amended complaint was filed on December 20, 2011. [Doc. 46].

## II. Analysis

Plaintiffs' motion asserts that the amendment to the complaint adding as defendants Jefferson Wilson and/or Jeff's Fireworks as parties to this litigation destroys diversity of citizenship and divests this Court of subject matter jurisdiction, requiring that the case be remanded to Tennessee state court. Most of the arguments made by defendants in opposition to remand are directed to the propriety of the plaintiffs' motion to amend, a matter which has already been resolved by the Magistrate Judge in this case.

"Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of

---

[1] As noted by the Magistrate Judge, a smoke chimney is what is also referred to as a smoke bomb, which is intended to spew clouds of brightly-colored smoke. [*See* Doc. 42].

[2] As noted above, the Magistrate Judge's order was entered on December 7, 2011. No defendant filed an objection to the order. "A party may serve and file objections to the order [of the Magistrate Judge] within fourteen days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Defendants have waived any objection to the order and the order is now the law of this case.

the same state." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). Although "[t]he general rule is that diversity is determined at the time of the filing of a lawsuit," *id.*, "an amended complaint supersedes all prior complaints," *Drake v. City of Detroit*, 266 Fed. App'x 444, 448 (6th Cir. 2008). "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) (citations omitted); *see also Curry*, 462 F.3d at 540 ("Persuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previously unidentified defendant, diversity must be determined at the time of the filing of the amended complaint.").

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand [to state court] only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan*, 176 F.3d at 907. It is the removing party's burden to demonstrate fraudulent joinder, and any doubts are resolved against removal. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). Although the defendants have claimed that the non-diverse parties in this case have been fraudulently joined, that argument was previously considered and implicitly rejected by the Magistrate Judge, whose order was not objected to. This Court need not consider the question further.

There is no question, and it is undisputed, that complete diversity of citizenship existed at the time of the removal of this case from the Washington County Circuit Court to this Court. There is likewise no dispute that Jefferson Wilson is a citizen and resident of Tennessee and that diversity

of citizenship no longer exists in this case. The result with respect to plaintiffs' motion is theretofore dictated by 28 U.S.C. § 1447(e) which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). While § 1447(e) permits the Court to "use its discretion and determine if allowing joinder would be fair and equitable," *City of Cleveland v. Deutsche Bank Trust Co.*, 2008 WL 3822939, at *12-13 (N.D. Ohio, August 8, 2008), the statute does not grant the court the discretion to retain jurisdiction of a suit when subject matter jurisdiction has been destroyed. Thus, the Court must remand the case to the state court.

### III. Conclusion

Based upon the foregoing, plaintiffs' motion to remand to state court, [Doc. 36], is GRANTED. It is ORDERED, therefore that this matter be, and the same hereby is, REMANDED to the Circuit Court for Washington County, at Jonesborough, Tennessee,

So ordered.

ENTER:

                                                                  s/J. RONNIE GREER
                                            UNITED STATES DISTRICT JUDGE